[No. 5965. Decided March 2, 1906.]

## G. A. Sproul, *Respondent*, v. J. C. Huston *et al.*, *Appellants*.[1]

Appeal—Failure to Make Findings—Decision. Upon a trial before the court without a jury in an action for breach of contract, where the court fails to find the amount of the damages, and the evidence is not brought up on appeal, the judgment will be reversed with directions to find the amount of damages sustained, if any.

Appeal from a judgment of the superior court for Clarke county, Rice, J., entered June 3, 1905, upon findings in favor of the plaintiff, after a trial before the court without a jury, in an action to recover damages for breach of contract. Reversed.

*A. L. Miller,* for appellants.

*H. W. Arnold* and *James P. Stapleton,* for respondent.

Root, J.—Respondent and appellants entered into a contract by which respondent was to receive $2.50 per thousand feet for cutting and delivering certain timber at the railway track of appellants. Respondent brought this action to recover damages against appellants on account of an alleged breach of said contract. The trial was had before the court without a jury. The trial judge made findings and conclusions, although not separately stating them. A judgment in the sum of $250 was made and entered in favor of respondent. Appeal is taken therefrom.

1Reported in 84 Pac. 631.

It is urged by appellants that the findings do not justify this judgment. An examination reveals no finding whatever as to the amount of the damages sustained by respondent. The nearest approach to a finding of this character is that where the trial judge states "that there was some saw timber to be taken off by plaintiff under his agreement, and plaintiff would have made some profits thereby." This could justify a judgment in nothing more than a nominal sum. Elsewhere there is a finding to the effect that appellants had advanced $150 to respondent. There is nothing to show that his damages exceeded this sum. The evidence is not brought to this court, and we must pass upon the sufficiency of the findings. We deem them insufficient to sustain the judgment for $250 made and entered by the court. The judgment will therefore be reversed, and the cause remanded with instructions to make a finding as to the amount of damages sustained by the respondent, if any.

MOUNT, C. J., CROW, DUNBAR, HADLEY, FULLERTON, and RUDKIN, JJ., concur.